[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
 I
On or about November 18, 1998, the defendant, Stop Shop Super Market Company ("Stop Shop") filed with the defendant, the Planning Zoning Commission of the Town of Branford ("the Commission") an application for special exception to conduct certain grading, excavation, removal or deposit of earth materials and related activities on property known as 1151, 1201 and 1219 West Main Street in the Town of Branford.
The commission received said application at its meeting of November 19, 1998. A public hearing was held on said application on January 21. 1999.
On February 4, 1999, the plaintiff, The Great Atlantic 
Pacific Tea Co., Inc./Waldbaum's, Inc. ("AP") filed with the Commission its Notice of Intervention and Request for Notice of Meetings, pursuant to General Statutes, Section 22a-19 (a).
On February 18, 1999, the Commission approved said application and notice of its decision was published on February 24, 1999. This appeal followed. CT Page 12014
 II
The defendant, Stop Shop, has moved to dismiss this appeal for lack of subject matter jurisdiction. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court"(citation, internal quotation marks, omitted), Gurliacci v.Mayer, 218 Conn. 531, 544. Standing is the legal right to set the judicial machinery in motion, Munhall v. Inland WetlandsCommission, 221 Conn. 46, 55. If the plaintiff in this appeal lacks standing to prosecute the appeal, then there is no longer a case before the court.
The defendant bases its motion on two claims; first, the plaintiff's notice of intervention was untimely, and thus plaintiff did not effect a proper intervention in the proceeding before the Commission; second, that appeal rights conferred on an intervenor by General Statutes, Section 22a-19 are derivative and an intervenor under that statute has no independent right of appeal to the court of the decision of an administrative agency. The court is persuaded that such an intervenor has no independent right of appeal and will grant the motion to dismiss.
 III
The issue of timeliness of the plaintiff's intervention at the administrative agency level is interesting but need not be resolved here, as intervention at the agency level is not necessarily a prerequisite for Section 22a-19 intervention in an action for judicial review, Red Hill Coalition, Inc. v.Conservation Commission, 212 Conn. 710, 716, nor does intervention at the administrative level confer standing on an intervenor to initiate an appeal to the superior court, LightRigging Co. v. Department of Public Utility Control,219 Conn. 168, 178 (citation omitted).
The question of standing in a land use appeal is essentially one of aggrievement, Munhall v. Inland Wetlands Commission, supra, at 54 (citation omitted). Pleading and proof that [the plaintiff] is aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal, Munhall v. Inland Wetlands Commission, supra, at 50 (citation omitted).
CT Page 12015 In its appeal, the plaintiff pleads aggrievement as follows: "Plaintiffs are aggrieved because they are intervenors in the Application permit pursuant to Section 22a-19 of the Connecticut General Statutes."
General Statutes, Section 22a-19 is part of the Environmental Protection Act of 1971 ("the EPA"), Sections 22a-14 to 22a-20, inclusive.
Section 22a-19 provides, in pertinent part, that "in any administrative . . . proceeding, and in any judicial review thereof made available by law, . . . any person. . . . corporation . . . or other legal entity may intervene as a party on the filing of a verified pleading asserting that the proceeding or action for judicial review involves conduct which has, or which is reasonably likely to have, the effect of unreasonably polluting, impairing or destroying the public trust in the air, water or other natural resources of the state."
This language may be compared with that of Section 22a-16, which states, in pertinent part, that ". . . any person . . . corporation . . . or other legal entity may maintain an action in the superior court . . . for declaratory and equitable relief . . . for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction . . ." Compare, also, the provisions of General Statutes, Section 22a-43, which reads, in pertinent part: ". . . any person aggrieved . . . may . . . appeal to the superior court . . ."
Thus, the plain language of the statutes evidences an intent by the legislature to allow "any person" to maintain an independent action for declaratory and equitable relief for the protection of the public trust in the air, water and other natural resources of the state from unreasonable pollution, impairment or destruction (Section 22a-16), Keeney v. FairfieldResources, Inc., 41 Conn. App. 120, 126; while limiting involvement in any administrative proceeding and in any judicial review thereof to intervention as a party (Section 22a-19), that is, in an existing administrative proceeding or judicial review thereof, one initiated by another. The distinction is clear and has been maintained in the statutes since 1971. It is well settled that a statute must be applied as its words direct,Connecticut Hospital Association v. Commission on Hospitals andHealth Care, 200 Conn. 133, 141. An intervenor "has a derivative role by virtue of an action already shaped by the parties", CT Page 12016Connecticut Water Company v. Beausoleil, 204 Conn. 38, 48. Further, intervention by the plaintiff in an administrative proceeding does not confer on said plaintiff the right to initiate an appeal of a decision by the administrative body concerned, Milford v. Local 1566, 200 Conn. 91. 96. The plaintiff here is not statutorily aggrieved and has no standing to initiate this appeal.
The weight of superior court opinion supports this conclusion: See, e.g., Taftville Reservoir Preservation Group v.Norwich Commission on the City Plan, Superior Court, Judicial District of New London at Norwich, Docket No. 08604119 Conn. L. Rptr. 69, 72 (March 3, 1997) (Booth, J.); Patrick McManus v.Wallingford Inland Wetlands Watercourses Commission et al, 1998 Super LEXIS 3239, Superior Court, Judicial District of New Haven at New Haven, Docket No. CV-970402138 (November 17, 1998) (Burns, J.T.R.), Lauver v. Canterbury Planning Zoning Commission, 1998 Super. LEXIS 1359, Superior Court, Judicial District of Windham at Putnam, Docket No. 54067, (May 19, 1998) (Booth, J.); Doyle v.Commissioner of Environmental Protection, 3 Conn. L. Rptr. 463, 465 (April 5, 1991) (Arena, J.); Roth v. Woodbury Zoning Board of Appeals, 21 Conn. L. Rptr No. 5, 145 (February 3, 1998) (Pickett, J.); Melody Hyllen-Davey, et al v. Plan Zoning Commission, 22 Conn. L. Rptr. No. 12, 410 (July 10, 1998) (McWeeny, J.); Keiserv. Redding Zoning Commission, et al, 24 Conn. L. Rptr. No. 5, 145 (February 17, 1999) (Radcliffe, J.); Matthew M. Rubin, Trustee,v. Conservation Commission, Superior Court, Judicial District of Waterbury, Docket No, CV 97-0137827 S (June 21, 1999) (West, J.);Morehouse Hills Development. Inc. v. Planning Zoning Board ofCity of Milford, Superior Court, Judicial District of Ansonia-Milford at Derby, Docket No. 050637 (May 2, 1996) (Mancini, J.); West Norwalk Association, et al v. ConservationCommission of the City of Norwalk, et al, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. CV98-0165846 S (June 17, 1999) (Tierney, J).
 IV
The plaintiff has also failed to meet the test for "classical" aggrievement, a prerequisite for standing to take an appeal pursuant to General Statutes, Sections 8-8 or 22a-43. The plaintiff has failed to establish, by a fair preponderance of the evidence, that it has a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community and has failed to establish that it is specifically and CT Page 12017 injuriously affected in its property or legal rights, Hughes v.Town Planning Commission, 156 Conn. 505, 507-08 (quotation marks, citations omitted). There is no claim that the plaintiff owns property abutting or within a radius of 100 feet of the land involved in the subject administrative decision.
 V
The plaintiff has failed to establish either classical or statutory aggrievement. The Court finds the plaintiff has no standing to initiate this appeal. This Court, accordingly, is deprived of subject matter jurisdiction.
The defendant, the Stop Shop Supermarket Company's, Motion to Dismiss is granted and the plaintiff, The Great Atlantic 
Pacific Tea Co., Inc./Waldbaum's, Inc.'s, Appeal is dismissed.
By the Court,
Downey, J.